UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY ASHELMAN,

        Petitioner,

v.

PAT GLEBE,

        Respondent.

Case No. C09-5748RBL

ORDER TO SHOW CAUSE

      It appears that Petitioner has not properly exhausted his claims prior to filing this § 2254 petition in federal court. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Therefore, Petitioner is directed to show cause by **February 4, 2010,** why the petition should not be dismissed without prejudice.

      A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

ORDER - 1

Review of the petition in this case shows the claims raised have not been properly exhausted. For instance, Petitioner raises one claim – violation of due process – based on the allegation that he was denied the opportunity to present evidence to the prison hearings officer when he was found guilty of violating a prison regulation. The petition does not explain how this claim was first presented to the state court prior to being raised in the instant matter. Therefore, there has been no showing that the federal habeas claims have been properly exhausted in state court. Without more, this matter should be dismissed.

The Clerk is directed to send copies of this Order and the General Order to Petitioner.

DATED this 30th day of December, 2009.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2