1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY ASHELMAN,

                    Petitioner,

            v.

PATRICK R GLEBE,

                    Respondent.

CASE NO.  C09-5748RBL/JRC

REPORT AND
RECOMMENDATION

Noted for July 30, 2010

        The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and Local Magistrate Judge's Rule MJR3 and MJR4.   Petitioner is proceeding as a pauper.

        This petition is unexhausted and procedurally barred because petitioner did not file a motion for discretionary review in the Washington State Supreme Court after the Washington Court of Appeals denied his personal restraint petition.

REPORT AND
RECOMMENDATION - 1

1      Petitioner is challenging the loss of 15 days goodtime credits for a serious infraction he

2  received because he sexually harassed a female correctional officer (Dkt. # 5).  He alleges that he

3  did not receive due process at his disciplinary hearing because the hearings officer would not

4  give him a continuance to interview the Intelligence and Investigations unit personnel, or view a

5  video tape of the incident (Dkt. # 5).  There is no evidence that a video tape of the incident exists

6

7  according to the Washington Court of Appeals (Dkt. # 15, Exhibit 3, page 4).

8                                          FACTS

9      The Washington Court of Appeals summarized the facts that are germane to this petition

10  as follows:

11          Mr. Ashelman was charged with the 659 infraction on March 13, 2008, after
12      he waved at a surveillance camera focused on his cell to get the attention of
        corrections officer Vickie McMahon and then repeatedly exposed and fondled
13      himself. The officer reported Mr. Ashelman's actions as inappropriate and offensive
        behavior that made her feel uncomfortable. (DOC Response, Exhibit 2, Attachments
14      A, E) In a supplemental report, Officer McMahon stated that Mr. Ashelman did not
        engage in such behavior when male staff came into the camera booth. (Exhibit 2,
15      Attachment E)

16          On March 17, 2008, Mr. Ashelman was given a copy of the infraction report
17      and a hearing notice explaining his due process rights and informing him that he
        could request witness statements in his defense. He requested none. (DOC Response,
18      Exhibit 2, Attachment B) His disciplinary hearing was held on March 19. During the
        hearing, he requested a continuance for an interview with the Intelligence and
19      Investigation (I&I) Unit and to review the videotape. (Exhibit 2, Attachment B;
        Exhibit 3, at 3) The hearing officer denied his request and found him guilty based
20      upon the Officer McMahon's infraction report and supplemental observation report.
        The hearing officer imposed sanctions of 15 days lost good time credit and 3 days in
21      isolation. The hearing officer gave as a reason for the sanctions that Mr. Ashelman
        committed blatant sexual harassment of a staff member. (Exhibit 2, Attachments B,
22      D)

23          Mr. Ashelman was given a written statement of the evidence relied upon and
24      the reason for the sanctions. (DOC Response, Exhibit 2, Attachment D) The prison
        superintendant's designee denied his administrative appeal. (Exhibit 2, Attachments
25      F, G)

26  (Dkt. # 15, Exhibit 3, pages 1 and 2).

REPORT AND
RECOMMENDATION - 2

PROCEDURAL HISTORY

Petitioner filed a motion in Superior Court contesting the infraction.  That motion was transferred to the Washington State Supreme Court as a personal restraint petition.  The Supreme Court transferred the case to the Washington State Court of Appeals.  The Washington State Court of Appeals ruled on the merits of the petition and found that petitioner received due process and that the evidence supported the infraction.  The evidence was the infraction report and observation report of the female officer (Dkt. # 15, Exhibit 3).  Petitioner did not file a motion for discretionary review with the Washington State Supreme Court.

DISCUSSION

A.      *Exhaustion.*

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing his petition in federal court.  A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights.  Duncan v. Henry, 513 U.S. 364 (1995).  In order to bring a ground for relief to this court, petitioner must have exhausted the claim at every level of appeal in the state courts.  Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992).  It is not enough that all the facts necessary to support the federal claim were before the state courts.  Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).  The petitioner must present the claims to the state's highest court, even if such review is discretionary.  Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995); O'Sullivan v. Boerckle, 526 U.S. 838, 845(1999).

Here, petitioner did not file a motion for discretionary review with the Washington State Supreme Court.  Thus, he did not exhaust one full round of state review and his claims are unexhausted.

REPORT AND
RECOMMENDATION - 3

1          B.      *Procedural Bar.*

2          Respondent argues that petitioner cannot return to state court because he has already filed

3    a collateral challenge and any subsequent petition will be barred pursuant to RCW 10.73.140.

4    When a state prisoner defaults on his federal claims in state court pursuant to an independent and

5    adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner

6    can demonstrate cause for the default and actual prejudice, or show that failure to consider the

7    claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722,

8    750-51 (1991). Federal habeas review is also barred when the petitioner has not exhausted state

9    remedies but the state's highest court would now find the claim to be procedurally barred.

10   Coleman, at 733; Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993).

11         The state court would now find petitioner's claims second or successive claims, and,

12   therefore, barred pursuant to RCW 10.73.140.  Petitioner cannot show cause and prejudice because

13   nothing the state did prevented him from filing a motion for discretionary review.  He has made no

14   showing that a fundamental miscarriage of justice has occurred in this case.  The court recommends

15   this petition be dismissed as procedurally barred.

16                            <u>CERTIFICATE OF APPEALABILITY</u>

17         A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

18   court's dismissal of his federal habeas petition only after obtaining a certificate of appealability

19   (COA) from a district or circuit judge.  A certificate of appealability may issue only where a

20   petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C.

21   § 2253(c) (3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

22   disagree with the district court's resolution of his constitutional claims or that jurists could

23   conclude the issues presented are adequate to deserve encouragement to proceed further."

REPORT AND
RECOMMENDATION - 4

1    Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that

2    petitioner is not entitled to a certificate of appealability with respect to this petition.

3                                              **CONCLUSION**

4            This petition is procedurally barred.  This petition should be DISMMISED.  Pursuant to

5    28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from

6    service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file

7    objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474

8    U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is

9    directed to set the matter for consideration on July 30, 2010, as noted in the caption.

10           Dated this 8th day of July, 2010.

11
12
13
14                                         J. Richard Creatura
15                                         United States Magistrate Judge
16
17
18
19
20
21
22
23
24
25
26

REPORT AND
RECOMMENDATION - 5